Filed 11/6/24  P. v. Williams CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C099232 |
| Plaintiff and Respondent, | (Super. Ct. No. 23CF00434, 22CF03801) |
| v. | |
| CECILIA ELEXUS LEEANN WILLIAMS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Cecilia Elexus Leeann Williams filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Finding no arguable errors, we will affirm the judgment.

## I.  BACKGROUND

Early on August 6, 2022, an officer was dispatched to a residence regarding a domestic dispute.  The officer contacted the victim, who had a large amount of blood from an injury on the back of his head and neck.  The victim reported that defendant, with

1

whom he had been in a dating relationship for approximately four years, caused the injuries. A records search determined that defendant had been ordered to have no contact with the victim or come within 150 yards of him. The victim had spent the night at defendant's residence, and in the morning, she slapped and bit him, believing he was cheating on her. Defendant continued to slap and punch the victim as he collected his belongings to leave, while at the same time asking him to stay. Defendant was holding her six-month-old child as she assaulted the victim. When the victim began recording the incident on his cell phone, defendant alternately yelled at him to leave or stay and asked why he was doing this to her. Defendant shoved the victim out of the residence, and the victim closed the door in an attempt to end the assault. Defendant opened the door with a knife in her hand and raised the knife while walking towards the victim and screaming at him. The victim pushed defendant away and they ended up wrestling on the ground. Eventually, defendant threw the knife away and fled with her child. When the officer contacted defendant at her sister's residence, defendant claimed the victim was the aggressor.

On August 9, 2022, in case No. 22CF03801, defendant was charged with felony injuring a person with whom she was in a dating relationship (Pen. Code, § 273.5, subd. (a)—count 1),[1] misdemeanor child endangerment (§ 273a, subd. (b)—count 2), and violation of a protective order (§ 273.6, subd. (a)—count 3). As to count 1, the complaint alleged personal use of a deadly weapon (§ 12022, subd. (b)(1)). The same day the trial court issued a protective order requiring defendant to have no contact with the victim or come within 400 yards of him. On August 25, 2022, defendant was released on her own recognizance.

---

[1] Undesignated statutory references are to the Penal Code.

Early in the morning of January 28, 2023, a police officer was dispatched to a residence on a report of domestic violence involving defendant and a different victim. The officer contacted the victim, who reported being in a romantic relationship with defendant for approximately a month. Defendant became upset with the victim when he communicated with a female rental car employee and argued with him while consuming alcoholic beverages. When the victim prepared to leave, defendant threw a can of shaving cream at his head, causing a large welt on the side of his head, and bit him on the neck. The victim went to check on defendant's one-year-old child in a bedroom, who had been 10 feet away during the incident. When the victim went back to the living room and headed towards the front door, defendant threw a chair, striking the victim in the hand.

The officer contacted defendant at her residence, which was in disarray with broken glass, trash, tables and other items on the ground and animal feces and crawling insects on the walls and ceiling. Defendant could not recall why she and the victim argued. She denied throwing anything at the victim but admitted a cell phone struck the victim after she threw it at the wall.

On January 31, 2023, in case No. 23CF00434, defendant was charged with felony injuring a person with whom she was in a dating relationship (§ 273.5, subd. (a)—count 1) and misdemeanor child endangerment (§ 273a, subd. (b)—count 2). The complaint further alleged that defendant committed the offense while released on her own recognizance (§ 12022.1).

On February 16, 2023, defendant entered a no contest plea to count 1 in case No. 22CF03801 and no contest pleas to counts 1 and 2 in case No. 23CF00434. The remaining counts and special allegations in both cases were dismissed.

On March 16, 2023, the trial court placed defendant on formal probation for three years in case No. 22CF03801 and four years in case No. 23CF00434.

Shortly thereafter, a probation violation petition was filed alleging that defendant violated probation by contacting the victim in case No. 23CF00434 multiple times. The trial court revoked probation, and then in May 2023, reinstated it in both cases.

On June 21, 2023, a probation violation petition alleged that defendant violated probation by being terminated from two sober living programs, moving her residence address without informing or receiving permission from the probation officer, and contacting the victim in case No. 23CF00434. Defendant waived hearing and admitted violating probation by moving her residence address without permission. On August 3, 2023, the trial court found that defendant violated probation, declined to reinstate probation, and revoked defendant's probation in both cases. The remaining probation violations were dismissed.

The trial court sentenced defendant to the lower term of two years in state prison on count 1 in case No. 22CF03801, a consecutive sentence of one-third the middle term of one year in state prison on count 1 in case No. 23CF00434, and a concurrent sentence of six months in county jail on count 2 in case No. 23CF00434.

Defendant filed a timely notice of appeal, stating that the appeal is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea.

## II. DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of her right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant did not file a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors favorable to defendant. Accordingly, we will affirm the judgment.

4

## III.  DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

HULL, Acting P. J.

/S/

DUARTE, J.